

# SIMONSON LAW PLLC

400 South Fourth Street, Suite 401
Minneapolis, Minnesota 55415

95 Allens Creek Road, Building 1, Suite 271
Rochester, New York 14618

www.simonsonlaw.com

April 18, 2025

**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.**

Date: April 21, 2025

**BY ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 518
New York, NY 10007

    Re:    **Standard Insurance Company v. Minnesota Life Insurance Company, et al.**
             25-cv-00212-VSB (S.D.N.Y.)

Dear Judge Broderick:

    On behalf of Defendants Minnesota Life Insurance Company and Securian Financial Group, Inc., pursuant to Your Honor's Individual Rules & Practices, I write to respectfully request leave to file: (i) Defendants' Answer, Affirmative Defenses and Counterclaims to the Amended Complaint in redacted form; and (ii) an unredacted copy of the same under seal. Plaintiff Standard Insurance Company consents to this request.

    In accordance with Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions and Section 5(B) of Your Honor's Individual Rules & Practices, Defendants are contemporaneously filing (i) a public copy of their Answer, Affirmative Defendants and Counterclaims with the proposed redactions; and (ii) a copy of their Answer, Affirmative Defenses and Counterclaims under seal, with the proposed redactions highlighted in yellow.

    On March 17, 2024, Plaintiff filed a letter motion requesting leave to file (i) the Amended Complaint under seal; (ii) a public version of the Amended Complaint with redactions, and (iii) three exhibits to the Amended Complaint under seal ("Plaintiff's Motion to Seal"). (Dkt. 17.) On April 4, 2024, the Court granted Plaintiff's Motion to Seal. (Dkt. 25.) In doing so, the Court permitted redaction of the following commercially sensitive information from the Amended Complaint:

- the price that The Standard paid to acquire the business as part of the Transaction as well as the potential earn-out payments;

- the value of assets underlying the business' retirement plans;

- the number and percent of clients that terminated or discontinued their plans or provided written notice of their definitive intent to terminate or discontinue their plans following The Standard's acquisition;

- the dollar amount of The Standard's budgeted and actual expenses to retain clients; and

- The Standard's business strategies to retain clients.

(*See* Dkt. 17; Dkt. 25.)

In their Answer to the Amended Complaint, in the interest of the reader's convenience, Defendants have copied verbatim each paragraph of the Amended Complaint to which each Answer paragraph responds.[1] Because the Answer copies text from the Amended Complaint that the Court permitted Plaintiff to file with redactions, Defendants respectfully request that the Court permit identical redactions in Defendants' Answer.

In addition, Defendants' Counterclaim includes information that, like the redacted information in Plaintiff's Amended Complaint, is commercially sensitive. Specifically, this information consists of:

- the value of the assets under administration of one retirement plan that, contrary to Plaintiff's position, has *not* terminated or discontinued retirement recordkeeping services with Plaintiff, which materially affects Defendants' entitlement to an earn-out payment; and

- additional references to the potential earn-out payments.

Defendants respectfully submit that this information should be redacted for the same reasons that the Court granted Plaintiff's Motion to Seal. In the interest of preserving judicial resources, Defendants will not repeat those reasons but instead respectfully incorporates them by reference (*see* Dkt. 17).

Accordingly, Defendants respectfully submit that there are sufficient grounds to permit redaction of the information referenced above and the sealing of the unredacted versions of the same.

---

[1] Although not required in the Southern District of New York, some other jurisdictions require responsive pleadings to summarize the complaint paragraphs to which they are responding, with which defense counsel typically comply by copying the complaint's paragraphs verbatim. *See, e.g.*, N.D. Ill. L. Civ. R. 10.1; *Deutsche Bank Nat. Tr. Co. v. Dionicio*, No. 13 C 521, 2013 WL 1282785, at *1 (N.D. Ill. Mar. 27, 2013) (noting that the requirement of summarizing or quoting the complaint "has as its obvious goal the enablement of readers (principally opposing counsel and the judge) to see just what allegations are or are not being placed in issue without having to flip back and forth between two separate pleadings.").

Defendants thank the Court for its attention to this matter.

>    Respectfully submitted,
>
>    *s/Leif T. Simonson*
>
>    Leif T. Simonson
>    leif.simonson@simonsonlaw.com
>    +1 612 448 3330
>
>    www.simonsonlaw.com
>
>    Attorneys for Defendants Minnesota Life Insurance Company and Securian Financial Group, Inc.

cc.   All counsel of record (by ECF)

3