

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

May 20, 2025

**BY ECF**

The Honorable Vernon S. Broderick, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

    Re:    *Standard Insurance Company v. Minnesota Life Insurance Company et al.*
            Case No.: 25-cv-0212 (VSB) (OTW)

Dear Judge Broderick:

We write on behalf of Plaintiff Standard Insurance Company ("The Standard") pursuant to Your Honor's Individual Rules & Practices to respectfully request leave to file: (i) the Memorandum of Law in Support of The Standard's Motion to Partially Dismiss the Securian Entities' Counterclaims or to Compel Arbitration (the "Brief") under seal, (ii) a public version of the Brief with redactions, and (iii) Exhibit 1 to the Declaration of David J. Hotelling under seal (the "Exhibit"). Minnesota Life Insurance Company and Securian Financial Group, Inc. (collectively, the "Securian Entities") have consented to The Standard's filing of the materials under seal and with redactions.

While a presumption of public access applies to judicial documents, *e.g.*, documents relevant to the performance of the judicial function and useful in the judicial process, the weight of the presumption is "governed by the role of the material at issue" and the resulting value of such information to the public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts must also balance against the weight of the presumption any countervailing factors such as "the privacy interests of those resisting disclosure," *id.* at 120, including "the degree to which the subject matter is traditionally considered private rather than public," and the "nature and degree of injury" resulting from disclosure, *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

The Brief and the Exhibit contain a discussion of commercially sensitive information, including with respect to the parties' transaction, the potential earn-out payments associated with that transaction, and the number and percent of clients that terminated or discontinued their plans or provided written notice of their definitive intent to terminate or discontinue their plans following the transaction. This type of information is regularly deemed protected because disclosure "might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. June 1, 2009) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. July 30, 2015). Indeed, the Court has previously granted the parties' request to seal similar information. *See* ECF Nos. 25, 29.

Accordingly, The Standard respectfully requests that the Court grant The Standard (i) leave to file the Brief with redactions, (ii) leave to file the Brief under seal, and (iii) leave to file the Exhibit under seal.

APPLICATION GRANTED
SO ORDERED _____
VERNON S. BRODERICK
U.S.D.J.

Date: May 21, 2025

Respectfully submitted,

*/s/ Susan Reagan Gittes*
Susan Reagan Gittes
David J. Hotelling
Julia Vascotto
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
srgittes@debevoise.com
djhotell@debevoise.com
jvascotto@debevoise.com

*Counsel to Standard Insurance Company*

2